**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Case No._____

MARISSA GOMEZ, individually and
on behalf of all others similarly situated,                    CLASS ACTION

      Plaintiff,

v.

LANDS' END, INC.,

      Defendant.

_____/

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Lands' End,

Inc. ("Lands' End") hereby files this Notice of Removal and removes this action

from the Circuit Court for the 6th Judicial Circuit in and for Pasco County, Florida,

to the United States District Court for the Middle District of Florida, Tampa

Division.  This Court has original subject matter jurisdiction over Plaintiff's lawsuit

under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d),

because this matter was brought as a putative class action; diversity of citizenship

exists between one or more members of the putative class and Lands' End; the

alleged number of proposed class members exceeds 100 individuals; and the amount

in controversy (as pled) exceeds $5 million in the aggregate.  In addition, this Notice

of Removal is filed timely and no CAFA exceptions exist.

In support of this Notice of Removal, Lands' End avers as follows:

## I.    <u>THE STATE COURT ACTION</u>

1.    Plaintiff Marissa Gomez ("Plaintiff") is the legal administrator for the law office of her counsel and has brought more than a dozen putative class actions against retailers in Pasco County under the Florida Telephone Solicitation Act ("FTSA") since August 1, 2022.

2.    On November 3, 2022, Plaintiff commenced this action against Lands' End by filing a Complaint in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, captioned *Marissa Gomez v. Lands' End, Inc.,* Case No. 2022CA-002849CAAXES.

3.    Plaintiff served the Complaint on Lands' End on November 29, 2022.[1] A true and correct copy of the as-served Complaint, along with all process and documents filed in the state court action, is attached hereto as **Exhibit A**.  The Complaint alleges a single cause of action under the FTSA.  Plaintiff alleges that Lands' End violated the FTSA by sending a marketing-related text message to her without her express written consent.  Ex. A, Compl. ¶¶ 3, 10, 13.  Based upon a review of Lands' End records, the text was sent to Plaintiff after she signed up for

---

[1]    Plaintiffs subsequently agreed to an extension for Lands' End to respond to the Complaint in state court until January 27, 2023.

the "Lands' End Anywhere" program to receive promotional text messages through a double opt-in process.

4.    Plaintiff alleges that Lands' End "caused similar telephonic sales calls to be sent to individuals in Florida." Ex. A, Compl. ¶ 15.  Plaintiff seeks to represent a putative class that that includes "[a]ll persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without 'prior express consent' as defined by Fla. Stat. § 501.059(1)(g), (4) on or after July 1, 2021." Ex. A, Compl. ¶ 20.

## II.    <u>VENUE</u>

5.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b), 1441(a), & 1446(a), because the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida, where this action was filed and has been pending prior to removal, is a state court within this federal district and division.

## III.    <u>SUBJECT MATTER JURISDICTION</u>

6.    The Supreme Court has clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

7.    CAFA confers upon the federal courts subject matter jurisdiction over,

and thus makes removable, any class action in which: there is minimal diversity (*i.e.*, any member of the proposed plaintiff class is a citizen of a different state than any defendant); the aggregate number of putative class members in the proposed class is at least 100; and the amount in controversy (as pled) exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B).[2]

8.    This Court has original jurisdiction based on CAFA. 28 U.S.C. § 1332(d). CAFA jurisdiction exists because: (a) this matter was brought as a putative class action; (b) diversity of citizenship exists between one or more members of the putative class and Lands' End; (c) the alleged number of proposed class members exceeds 100 individuals; and (d) the amount in controversy (as pled) exceeds $5 million in the aggregate. Additionally, this (e) notice of removal is filed timely, and (f) no CAFA exceptions exist. All of CAFA's jurisdictional prerequisites are satisfied here.

**A.    <u>This Case Is A Purported Class Action.</u>**

9.    Plaintiff seeks to represent a class of Florida residents who received telephonic sales calls (in the form of text messages) from Lands' End. Ex A., Compl. ¶ 20.

---

[2]    Lands' End disputes that Plaintiff can proceed with this action in court, as opposed to individual arbitration, and expressly preserves its right to seek to compel Plaintiff to arbitrate her claim on an individual basis and/or to otherwise dismiss the action. In addition, Lands' End disputes that Plaintiff has stated or can prove a plausible FTSA claim against Lands' End, that this case can be certified and proceed as a class action, or that Plaintiff is entitled to any damages or attorney's fees and costs. Lands' End expressly preserves all defenses.

10.    Because the case was filed in state court, the Complaint cites Florida Rule of Civil Procedure 1.220, which is based on Rule 23 of the Federal Rules of Civil Procedure.  Thus, the first CAFA requirement is satisfied.  *See Lance v. Wade*, 457 So. 2d 1008, 1011, n.2 (Fla. 1984) ("The current [Florida] class action rule is based on the federal class action rule . . ."); *Andrews v. Ocean Reef Club, Inc.*, No. 91-20-575CA18, 1992 WL 205805, at n.1 (Fla. Cir. Ct. 1992) (Fed. R. Civ. P. 23 "is substantially similar to Fla. R. Civ. P. 1.220-its Florida counterpart") (citing *Powell v. River Ranch Property Owners Ass'n, Inc.*, 522 So. 2d 69 (Fla. 2d DCA 1988)).

## B.    <u>Minimal Diversity of Citizenship Exists</u>.

11.    CAFA does not require complete diversity, but rather minimal diversity, which may be established when "[a]ny member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Here, this requirement is met because Plaintiff is a citizen of Florida, *see* Ex. A., Compl. ¶ 12, and Lands' End is a citizen of Wisconsin and Delaware.

12.    Plaintiff alleges that she resides in Pasco County, Florida.  Ex. A, Compl. ¶ 11.

13.    For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. 1332(c)(1).  Lands' End is a publicly-held company incorporated in Delaware with its principal place of business in

Dodgeville, Wisconsin. Therefore, Lands' End is a citizen of Delaware and Wisconsin—not of Florida. Indeed, Plaintiff alleges that Lands' End is a "foreign profit company." Ex. A, Compl. ¶ 7.

14. Therefore, at least one member of the putative class is a citizen of a state different from Lands' End because Plaintiff is a citizen of Florida while Lands' End is not. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which any member of a putative class is a citizen of a state different from any defendant).

**C.    The Putative Class Allegedly Includes At Least 100 Members.**

15. CAFA requires that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5).

16. Plaintiff alleges that the putative class members "number in the ***several hundreds***, if not more." Ex A, Compl. ¶ 21 (emphasis added).

17. A preliminary review of Lands' End records indicates that text messages were sent to more than 100 phone numbers with Florida area codes as part of the double opt-in Lands' End Anywhere program.[3]

---

[3]    Under the statute, "there is a rebuttable presumption that a telephonic sales call made to any area code in this state is made to a Florida resident or to a person in this state at the time of the call." Fla. Stat. § 501.059(8)(d).

**D.    The Amount-In-Controversy Plausibly Meets or Exceeds $5 Million.**

18.    Under CAFA, the putative class action sought to be removed must place in controversy at least $5 million.  28 U.S.C. § 1332(d).  Importantly, CAFA requires claim aggregation when determining the amount put at issue by a complaint.  28 U.S.C. § 1332(d)(6).

19.    As the United States Supreme Court has held, Defendant's notice of removal "need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89 (emphasis added).  The Supreme Court has made it clear that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id*. at 87.

20.    Based upon Plaintiff's allegations, legal theories, and class definition (which Lands' End disputes), Lands' End plausibly alleges that the $5 million amount-in-controversy requirement for CAFA is satisfied.

21.    It is well settled that damages and attorney's fees and costs (when authorized by statute or contract) must be considered when calculating the amount-in-controversy under 28 U.S.C. § 1332.  *See, e.g., Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Awad v. Cici Enters.*, No. 8:06-cv-1278-T-24TBM, 2006 WL

2850108, at *1 (M.D. Fla. Oct. 3, 2006) (in determining the amount-in-controversy, damages and reasonable attorney's fees authorized by statute must be included).

22.    Here, the FTSA permits the award of statutory damages and attorney's fees and costs.  Fla. Stat. § 501.059(10)-(11).

23.    The Eleventh Circuit Court of Appeals has recognized that the amount-in-controversy for CAFA jurisdiction can be satisfied through "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

24.    Further, it is axiomatic that "[a] removing defendant need not 'confess liability in order to show that the controversy exceeds the threshold.'"  *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (citations omitted); *see also Pretka*, 608 F.3d at 751.  The amount in controversy "concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks."  *Spivey*, 528 F.3d at 986; *see Anderson v. Witco Life Ins. Co.*, 943 F.3d 917, 924-25 (11th Cir. 2019) (federal court jurisdiction proper where there is "'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold'" and "'the pertinent question is what is <u>in controversy</u> in the case, not how much the plaintiffs are ultimately likely to recover' as a result of the lawsuit" (internal citations omitted)); *Mangano v. Garden Fresh Rest. Corp.,* No. 215CV477FTM99MRM, 2015 WL 5953346, at *1

(M.D. Fla. Oct. 13, 2015) (a "Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount").

25.     Here, consistent with these principles, the amount in controversy based upon Plaintiff's legal theory exceeds $5 million for the putative class, and thus, CAFA removal is proper.  Although Lands' End denies that it is liable to Plaintiff at all for any relief or even that Plaintiff can pursue its claims in court, the amount in controversy is more than $5 million given Plaintiffs' request for "damages, costs, and attorney's fees" against Lands' End.  Ex. A, Compl. ¶ 38 & Wherefore Clause.

26.     ***Statutory Damages Under the FTSA***.  Plaintiff seeks "statutory damages" under the FTSA for Plaintiff and each putative class member.  Ex A., Compl. at Wherefore Clause (b).  Under the FTSA, a party "aggrieved" by an FTSA violation may recover "actual damages or $500, whichever is greater."  Fla. Stat. § 570.971(10)(a).  In addition, the court may award "more than three times the amount available," if the "court finds that the defendant willfully or knowingly violated this section."  Fla. Stat. § 570.971(10)(b).

27.     Plaintiff alleges that Defendant acted "willfully or knowingly."  Ex. A., Compl. ¶ 37.  Therefore, for the sole purpose of evaluating the amount in controversy in connection with removal, it is appropriate to use $1500 per alleged violation.  *See, e.g.*, *Calta v. Vision Solar FL, LLC*, No. 8:22-CV-897-CEH-MRM, 2022 WL 17730114, at *3 (M.D. Fla. Dec. 16, 2022) ("The Court finds that calculating

damages of $1500 per violation [under the FTSA] is a reasonable extrapolation from the Complaint for the purpose of the amount in controversy.").

28.    A preliminary review of Lands' End's records indicates that since July 1, 2021, more than 3,334 text messages were sent to phone numbers with Florida area codes as part of the Lands' End Anywhere program.  *See* Fla. Stat. § 501.059(8)(d) ("there is a rebuttable presumption that a telephonic sales call made to any area code in this state is made to a Florida resident or to a person in this state at the time of the call").  And Plaintiff alleges that Lands' End sent text messages to "consumers in Florida without their prior express written consent."  Ex. A, Compl. ¶ 22.  As a result, Plaintiff has put at issue more than $5 million in statutory damages under the FTSA.

29.    ***Attorney's Fees***.  Plaintiff also seeks attorney's fees under the FTSA, which authorizes such fees to the "prevailing party."  Fla. Stat. § 501.971(11)(a).  When added to the "statutory damages" sought by the Complaint under the FTSA, Plaintiff's demand for attorney's fees on behalf of the putative class further causes the amount in controversy to exceed the $5 million CAFA threshold.

30.    When authorized by statute—as here—reasonable attorney's fees must be considered when calculating the amount in controversy.  *Morrison*, 228 F.3d at 1265 ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.");  *Cohen v. Office*

*Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) ("Cohen contends that when a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees. She is correct.").

31.    Here, CAFA's amount-in-controversy threshold is further exceeded when including a reasonable amount of attorney's fees.[4]

32.    In short, Lands' End disputes that Plaintiff is entitled to any form of relief (including attorney's fees) on her FTSA claim, much less on a class basis. Nonetheless, the aggregate amount in controversy that Plaintiff has placed at issue in this putative class action exceeds the $5 million jurisdictional requirement for removal under CAFA.

**E.    This Notice Of Removal Is Timely Filed.**

33.    Under 28 U.S.C. § 1446(b)(1), a notice of removal of a civil action or proceeding may be filed "within 30 days" after service of the state court pleading upon the defendant.

---

[4]    In determining the amount of attorney's fees in controversy for removal, federal courts have used a 33% benchmark of total potential damages. *See e.g.*, *Traturyk v. W.-S. Life Assurance Co.*, No. 615CV1347ORL40TBS, 2016 WL 727546, at *2 (M.D. Fla. Feb. 24, 2016) (noting that "it would be customary for counsel to seek an award of at least 33% of the amount Plaintiff recovers" and holding that "[s]ince Plaintiff demands $60,000 under the Policy, her counsel would be entitled to $19,800 in fees in this scenario, making the amount in controversy at least $79,800"); *DiPonzio v. Bank of Am. Corp.*, No. 11–CV–06192, 2011 WL 2693912, at *3 (W.D.N.Y. July 11, 2011) (using "benchmark rate of 33% of potential damages to calculate potential attorneys' fees" under CAFA and noting that "fees of 33% of damages are 'consistent with the norms of class litigation' in the Second Circuit").

34.    Here, the Notice of Removal is timely filed.  Plaintiff served Lands'
End with the Complaint on November 29, 2022.  Ex. A, at Verified Return of Service
(page 15).  This Notice of Removal was filed on December 29, 2022—within 30
days of that service.  As a result, it is timely under 28 U.S.C. §§ 1446(b)(3) and
1453.

35.    No previous Notice of Removal has been filed or made with this Court
in this case.

**F.    <u>No CAFA Exception Applies</u>.**

36.    The "local controversy" exception to CAFA jurisdiction under 28
U.S.C. § 1332(d)(4)(A) is inapplicable because Lands' End—the only Defendant in
this case—is not a citizen of Florida.  Lands' End is a citizen of Delaware and
Wisconsin.

37.    Likewise, the "home state" exception to CAFA jurisdiction under 28
U.S.C. § 1332(d)(4)(B) is inapplicable because the "primary defendant"—Lands'
End—is not a citizen of Florida.  Lands' End is a citizen of Delaware and Wisconsin.

**IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN
<u>SATISFIED</u>.**

38.    In compliance with 28 U.S.C. § 1446(a), copies of all process and
documents filed or served in the state court action are attached as **Exhibit A**.  In
addition, a copy of the state court docket is attached as **Exhibit B**.

39.    As Plaintiff originally filed this action in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, removal to the United States District Court for the Middle District of Florida is proper under 28 U.S.C. § 1441(a).

40.    As required by 28 U.S.C. § 1446(d), Lands' End will provide notice of this removal to Plaintiff's counsel, and will file a copy of this Notice with the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida.

41.    By filing this Notice of Removal, Lands' End does not waive any defenses that may be available to it and reserves all such defenses, including the right to compel arbitration on an individual basis. Lands' End does not concede that Plaintiff is entitled to have a class certified or is entitled to any damages or attorney's fees. If any question arises as to the propriety of the removal of this action, Lands' End requests the opportunity to present a brief and evidence in support of its position that this case is removable, as required under *Dart Cherokee* and other controlling law.

## V.    <u>CONCLUSION</u>

Pursuant to 28 U.S.C. § 1332, 1441, 1446, and 1453, Lands' End hereby removes this action from the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

Dated: December 29, 2022                    Respectfully submitted,

                                            */s/ Brian M. Ercole*
                                            Brian M. Ercole, FL Bar No. 102189
                                            brian.ercole@morganlewis.com
                                            Clay M. Carlton, FL Bar No. 85767
                                            clay.carlton@morganlewis.com
                                            Javier A. Roldán Cora, FL Bar No. 1010311
                                            javier.roldancora@morganlewis.com
                                            Morgan, Lewis & Bockius LLP
                                            600 Brickell Avenue, Suite 1600
                                            Miami, FL 33131-3075

                                            *Attorneys for Defendant Lands' End*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 29, 2022, a true and correct copy of the foregoing Notice of Removal, including all exhibits thereto, was sent by electronic mail and Federal Express overnight to the following counsel:

>Benjamin R. Raslavich
>Kuhn Raslavich, P.A.
>2110 West Platt St.
>Tampa, FL 33606
>ben@theKRfirm.com
>Telephone:  (813) 422-7782
>Facsimile:  (813) 422-7783
>
>*Counsel for Plaintiff*

>/s/ Brian M. Ercole
>Brian M. Ercole